IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH ALBERT MARCUS,

    Petitioner,                    No. CIV S-06-0926 MCE EFB P

    vs.

DARRELL ADAMS, Warden, et al.,

    Respondents.               ORDER AND
                                            FINDINGS AND RECOMMENDATIONS
_____/

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on the April 28, 2006, petition. On November 17, 2006, respondents filed a motion to dismiss this action upon the grounds that petitioner failed to exhaust state remedies with respect to several claims. The motion also seeks dismissal of two claims on the additional ground that they do not challenge the judgment of conviction. On December 15, 2006, petitioner filed a request to stay this action and hold it in abeyance pending the outcome of his habeas petition which was pending in the California Supreme Court. On February 6, 2007, petitioner notified this court that the California Supreme Court ruled on his previously unexhausted claims. For the reasons explained below, the court finds that all claims are now exhausted and there is no longer any reason to stay this action. The court further finds that two claims must be dismissed.

1

## I.    Procedural History

On January 13, 2000, petitioner was convicted of first degree murder and sentenced to a term of 25 years to life in prison.  Lodged Doc. 1.  Petitioner appealed, and the conviction was affirmed on November 30, 2001.  Lodged Doc. 2.  He filed a petition for review in the California Supreme Court, which was denied on February 20, 2002.  Lodged Docs. 3, 4.

Petitioner pursued one full round of post conviction relief[1] in the California courts, including the May 1, 2006, petition for a writ of habeas corpus in the California Supreme Court, Case No. S-14302.  Lodged Doc. 5; Motion at 2.

On April 28, 2006, petitioner filed the federal petition.  As grounds for relief, he asserts that: (1)  the trial court erred by admitting evidence of alleged and unproven prior bad acts spanning more than 20 years; (2) the trial court erred under section 352 of the California Evidence Code when it admitted evidence of prior bad acts spanning more than 20 years; (3) admitting evidence of unproven prior bad acts spanning decades violated the Due Process Clause of the Fourteenth Amendment; (4) admitting contrived evidence about petitioner's alleged romantic interest in the victim's mother violated the Due Process Clause of the Fourteenth Amendment; (5) the trial court interfered with petitioner's right to effective assistance of counsel by discharging petitioner's counsel when the prosecutor falsely informed the judge he was going to call one of counsel's other clients as a witness; (6) the prosecution suppressed 14 micro-cassette tapes containing phone conversations, suppressed letters petitioner wrote to a trial witness and to his lawyer and photographic evidence that directly contradicted the testimony of two of the prosecution's key witnesses in violation of the Due Process Clause of the Fourteenth Amendment; (7) the prosecution knowingly presented false evidence and read petitioner's confidential legal mail in violation of plaintiff's right to a fair trial and to prepare a defense; (8)

---

[1] Although the state post-conviction proceedings are complicated, respondents concede that petitioner properly has pursued one full round of state post-conviction relief.  Thus, it is unnecessary to detail the habeas proceedings in the trial and appellate courts.

2

the trial court violated petitioner's federal rights by permitting the jury to see him shackled; (9) appellate counsel was ineffective by failing to raise all meritorious issues on appeal; (10) trial counsel was ineffective by failing adequately to investigate and obtain the evidence unlawfully withheld as alleged in grounds two and three and by failing to investigate, obtain and present a 911 tape of a call reporting that the victim was in an automobile accident, and a videotape of one occupant of the car being interrogated; (11) during state habeas proceedings the superior court refused to acknowledge the petitioner or his filings while he was proceeding pro se, failed to notify petitioner when counsel was appointed and failed to caution counsel of the obligation to inform petitioner of the appointment; (12) the trial court unlawfully directed the administration of hallucinatory drugs to petitioner in the days before his scheduled evidentiary hearing on his state habeas petition.

On January 17, 2007, the California Supreme Court summarily denied relief in Case No. S-14302.

**II.     Failure to Exhaust**

As noted, respondents seek dismissal on the ground that petitioner has not exhausted available state remedies. A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995)(to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution"). A claim is unexhausted if any state remedy is available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must seek discretionary review from state court of last resort); *Roberts v. Arave*, 874 F.2d 528,

1   529 (9th Cir. 1988) (no exhaustion where state supreme court referred petitioner's appeal of trial
2   court's denial of post-conviction relief to lower appellate court and petitioner failed to appeal
3   lower court's disposition of that appeal to state supreme court).  Unless the respondent
4   specifically consents to the court entertaining unexhausted claims, a petition containing such
5   claims must be dismissed.  *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275.  For a
6   California prisoner to exhaust, he must present his claims to the California Supreme Court on
7   appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus.  *See*
8   *Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus
9   procedure); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must
10  present claims on appeal to California Supreme Court in a petition for review).  A mixed
11  petition, i.e., one containing exhausted and unexhausted claims, ordinarily must be dismissed.
12  *Rose v. Lundy*, 455 U.S. 509, 522 (1982). However, the court may stay a mixed petition to allow
13  a petitioner to present unexhausted claims to the state courts.  *Rhines v. Weber*, 544 U.S. 269,
14  277-78 (2005).

15  Respondent asserts that at the time petitioner filed his federal petition, he had not
16  exhausted available state remedies with respect to claims 5 through 11, but concedes that the
17  claims were pending before the California Supreme Court.  Motion at 2.  On February 6, 2007,
18  petitioner filed a copy of the California Supreme Court's order summarily denying his petition
19  for a writ of habeas corpus in Case No. S-14302.  Based on this order, the court finds that claims
20  5 through 11 are now exhausted and there is no reason to stay this action.  The petition,
21  therefore, is not subject to dismissal on the ground it is mixed.

22  **III.   Failure to State a Cognizable Claim**

23  Respondents also seek dismissal of claims 11 and 12 on the ground that they do not state
24  a cognizable ground for relief.  Respondents assert that the claims fail to challenge the fact or
25  duration of petitioner's confinement.  Petitioner does not address this assertion.  A district court
26  must entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a

State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The remedy of habeas corpus exists to "challenge the fact or duration of [] confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). In claim 11, petitioner challenges the manner in which the state trial court managed petitioner's habeas corpus proceedings. Petitioner asserts that the court failed to acknowledge him or his *pro se* filings, failed to notify him when counsel was appointed and failed to caution counsel of the obligation to inform petitioner of the appointment. In claim 12, petitioner appears to challenge an order of the superior court that he involuntarily be medicated around the time of the hearings in petitioner's habeas proceedings. He alleges that the trial court "unlawfully and prejudicially" administered an "unprescribed hallucinatory drug to petitioner in days before and up to his scheduled evidentiary hearing" on his state habeas petition. Petition at 18. Each of these claims is directed at the fairness of the state habeas proceedings, which is not a basis for relief in federal court. Claim 12 also could be construed as a challenge to the conditions of his confinement, which properly is made under 42 U.S.C. § 1983. Thus, claims 11 and 12 should be dismissed.

Accordingly, it is hereby ORDERED that:

1. Respondent's November 17, 2006, motion to dismiss the petition for failure to exhaust available state remedies is denied.

2. Petitioner's December 15, 2006, request for a stay is denied.

3. Respondent shall file and serve a response to petitioner's application within 30 days from the date of this order. *See* Rule 4, Fed. R. Governing § 2254 Cases. An answer shall be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application. *See* Rule 5, Fed. R. Governing § 2254 Cases.

4. Petitioner's reply, if any, shall be filed and served within 30 days of service of an answer.

////

1  Further, it is RECOMMENDED that respondent's November 17, 2006, motion to dismiss
2  claims 11 and 12 for failure to state a cognizable claim be granted.

3  These findings and recommendations are submitted to the United States District Judge
4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days
5  after being served with these findings and recommendations, any party may file written
6  objections with the court and serve a copy on all parties.  Such a document should be captioned
7  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
8  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
9  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
10 Dated:  May 23, 2007.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE